FILED
CLERK
3:01 pm, Feb 08, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA,

                         Plaintiff,

      -against-

TINDRICK ZEIGLER,

                       Defendant.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**
06-cr-00680 (JMA)

**AZRACK, United States District Judge:**

      On December 6, 2022, Defendant Tindrick Zeigler ("Zeigler") filed a motion for early termination of supervised release. The government opposed the motion, arguing that continued supervision is warranted due to the seriousness of the crime and the defendant's prior history of selling illegal drugs. On January 10, 2023, this Court denied the motion in an electronic order. On January 27, 2023, Zeigler filed a motion for reconsideration, requesting an explanation for this Court's denial of his application for early termination of supervised release. I find that the defendant has not established a sufficiently compelling basis for early termination. Accordingly, defendant's motion is denied.

**BACKGROUND**

      On June 8, 2004 a confidential informant purchased approximately 94 grams of cocaine base from the defendant in a transaction that was monitored by law enforcement. On October 12, 2006, an indictment was filed charging the defendant with distribution of over 50 grams of cocaine base, in violation of Title 21, United States Code, Section 841. On March 22, 2007, the defendant pleaded guilty to a superseding information charging him with conspiring to distribute over 50 grams of cocaine base. On July 26, 2010, the defendant was sentenced by the Honorable Sandra J. Feuerstein, United States District Judge, Eastern District of New York, to 144 months' incarceration and a 5 year term of supervised release, pursuant to his guilty plea to conspiracy to

distribute over 50 grams of cocaine base. The defendant has served 2 years and 8 months of his supervised release term.

## DISCUSSION

A district court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). A court may only do so after considering a subset of the factors listed in 18 U.S.C. § 3553(a) which are to be considered when imposing a sentence in the first instance. *Ibid.*; *see id.* § 3553(a).

Courts do not order early termination of supervised release "as a matter of course." *United States v. Bastien*, 111 F. Supp. 3d 315, 321 (2015) (quoting *United States v. Fenza*, No. 03-CR-0921 (ADS), 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013)) (internal quotation marks omitted). Rather, such relief may "[o]ccasionally" be justified by "new or unforeseen circumstances," such as when "exceptionally good behavior by the defendant . . . render[s] a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). Exceptionally good behavior is not established by mere compliance with the terms of supervised release, which "is what is expected . . . and does not warrant early termination." *Bastien*, 111 F. Supp. 3d at 321 (quoting *Fenza*, 2013 WL 3990914, at *2); *see United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) ("Early termination is not warranted where a defendant did nothing more than that which he was required to do by law.") (citing *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998)). Accordingly, courts in this circuit have routinely declined to terminate supervised release based solely on compliance with the terms of supervision. *See, e.g.*, *United States v. Lewis*, No. 13-CR-487 (CBA), 2020 WL 1275233, at *2

(E.D.N.Y. Mar. 17, 2020); *United States v. Gonzales*, No. 94-CR-0134 (JSR), 2015 WL 4940607, at *1 (S.D.N.Y. Aug. 3, 2015); *United States v. Rasco*, No. 88-CR-817 (CSH), 2000 WL 45438, at *2 (S.D.N.Y. Jan. 19, 2000); *Medina*, 17 F. Supp. 2d at 247.

Zeigler argues that his term of supervised release should be terminated on the grounds that he has complied with the terms of his supervision. He notes that he has had no administrative violations or problems with the Probation Office, and has earned training certificates to assist him with employment. *See* Mot. for Early Termination. While that compliance is commendable, it does not in itself justify terminating supervision because it does not amount to such "exceptionally good behavior" as to render the conditions of his supervised release "too harsh" or "inappropriately tailored to . . . the general punishment goals of section 3553(a)." *Lussier*, 104 F.3d at 36. Nor does such compliance indicate that any "new or unforeseen circumstances" have emerged that would justify terminating defendant's supervision. *Ibid.*

Moreover, the factors set forth in Section 3553(a) do not favor reducing Zeigler's term of supervised release. While I have considered all of the statutory factors, two in particular guide my disposition of this motion. First, terminating the defendant's probation would undermine deterrence. See 18 U.S.C. §§ 3553(a)(2)(B), 3583(e). Retroactively lightening the defendant's sentence simply because he has complied with his legal obligations would undermine that goal. Second, Zeigler already received a sentence below the guideline range. Lightening the sentence would risk creating or heightening sentencing disparities with other defendants who have committed similar crimes. See 18 U.S.C. §§ 3553(a)(4), (a)(6), 3583(e).

## CONCLUSION

The Court is encouraged by the defendant's compliance with the terms of his supervised release and his apparent efforts to lead a productive and law-abiding life. However, that does not

in itself warrant a reduction in the defendant's term of supervised release. The statutory factors that must guide any decision to modify a term of supervised release do not favor early termination in this case. Accordingly, the motion for early termination of supervised release is DENIED.

**SO ORDERED.**

Dated: February 8, 2023
       Central Islip, New York

/s/ JMA
Joan M. Azrack
United States District Judge